IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MAO-MSO RECOVERY II, LLC; MSP RECOVERY, LLC; MSPA CLAIMS 1, LLC; and MSP RECOVERY CLAIMS, SERIES LLC,<br>　　　Plaintiffs,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br>　　　Defendant. | Case No. 1:17-cv-01537-JBM-JEH |

**Order**

Now before the Court is the Plaintiffs' Motion to Strike Defendant's Affirmative Defenses and Incorporated Memorandum of Law (Doc. 89) and Defendant State Farm Mutual Automobile Insurance Company's (State Farm) Memorandum of Law in Opposition to Motion to Strike Additional Defenses (Doc. 93).

**I**

This case was originally filed February 23, 2017 in the United States District Court for the Southern District of Illinois and was transferred to this district on November 27, 2017. For the sake of brevity, the Court refers to the Order & Opinion entered on July 13, 2018 which includes a detailed discussion of the legal backdrop, procedural history, and substantive rulings that have been made in this case. Following the filing of the Plaintiff's Second Amended Complaint (Doc. 63) and the disposition of Defendant State Farm's most recent Motion to Dismiss (Doc.

1

68), State Farm filed on July 27, 2018 its [1] Answer and Affirmative Defenses to Plaintiffs' Second Amended Class Complaint for Damages and [2] Jury Demand (Doc. 87). On August 17, 2018, the Plaintiffs filed the instant Motion to Strike Defendant's Affirmative Defenses and Incorporated Memorandum of Law (Doc. 89). Their Motion seeks to have Affirmative Defenses 1-3, 5-12, 17-23, 25-30, and 32 stricken as improper and defective for various reasons articulated in the Motion. On August 31, 2018, the Court held a Rule 16 Scheduling Conference and set the discovery schedule in place.

## II

Federal Rule of Civil Procedure 12(f) provides that, "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are generally disfavored because they potentially serve only to delay. *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989); *Williams v. Jader Fuel Co., Inc.*, 944 F.2d 1388, 1400 (7th Cir. 1991) (stating that motions to strike are not favored and "will not be granted unless is appears to a certainty that plaintiffs would succeed despite any state of facts which could be proved in support of the defense" and "are inferable from the pleadings") (collecting cases). Moreover, courts do not generally grant motions to strike unless the defect in the pleading causes prejudice to the party bringing the motion. *Hofmann v. Sumner*, 478 F. Supp. 2d 1024, 1028 (N.D. Ill. 2007).

Here, the parties' briefing on the Motion to Strike reveals why motions to strike are generally disfavored due to the delay they often cause. The Plaintiffs' brief raises arguments that prompted the Defendant to include Exhibits to support its opposition. Thus, at this time, the Motion to Strike adds clutter (and therefore delay) to this case rather than serves to remove unnecessary clutter. *See Heller Financial, Inc.*, 883 F.3d at 1294 (explaining that motions to strike serve to expedite rather than delay where they remove unnecessary clutter from the case). A

2

discovery schedule was not yet put into place when the Plaintiffs filed their Motion to Strike, and, notably, the Defendant's Response to the Motion suggests that the latter prematurely raises arguments that require discovery. Discovery has now commenced and it may accordingly cause many of the issues raised in the Motion to Strike to become moot, or at the very least, better suited for the Court's consideration at a later time. This case has already been pending for more than 18 months and an amendment of pleadings deadline has now been set. The Plaintiffs have not sufficiently shown the alleged defects in State Farm's Affirmative Defenses cause prejudice to them such that this case should be delayed any longer by continued challenges at the initial pleading stage.

### III

For the foregoing reasons, the Plaintiffs' Motion to Strike Defendant's Affirmative Defenses and Incorporated Memorandum of Law (Doc. 89) is DENIED.

*It is so ordered.*

Entered on September 7, 2018.

s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE