# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MAO-MSO RECOVERY II, LLC, a Delaware entity; MSP RECOVERY, LLC, a Florida entity; MSPA CLAIMS 1, LLC, a Florida entity; and MSP RECOVERY CLAIMS, SERIES LLC, a Delaware entity, ) ) ) ) ) ) ) ) ) ) ) | | |
| Plaintiffs, ) ) | | |
| v. ) ) | No. 17-cv-1537 | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois Company, ) ) ) ) ) | | |
| Defendant. ) | | |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiffs' Motion to Quash or Modify Third Party Subpoenas (d/e 95) (Motion 95) and Defendant State Farm's Motion to Compel Responses to Discovery Request (d/e 97) (Motion 97). For the reasons set forth below, Motion 95 is ALLOWED in part and Motion 97 is ALLOWED.

BACKGROUND

Plaintiffs MAO-MSO Recovery II, LLC; MSP Recovery, LLC; MSPA Claims 1, LLC; and MSP Recovery Claims, Series LLC are assignees of claims for reimbursement from "Medicare Advantage Organizations ("MAOs"), first-tier entities, and downstream entities (the "Assignors") that offer or manage Medicare Advantage ("MA") plans for Part C Medicare Beneficiaries." Second Amended Complaint (d/e 63) ¶ 1. Defendant State Farm Automobile Insurance Company (State Farm) is an insurance company that provides no-fault casualty insurance to its insureds (Casualty Insurer). Casualty Policies sometimes include coverage for medical expenses incurred as a result of a covered loss (Casualty Insurance Medical Coverage). Pursuant to federal law, Casualty Insurance Medical Coverage is primarily liable for covered medical expenses and Medicare coverage is secondary, including coverage by Medicare Advantage Organizations. See 42 U.S.C. § 1395y(b)(2).

Medicare and Medicare Advantage Organizations may make conditional payments to cover medical expenses, but the Casualty Insurer, such as State Farm, must reimburse the conditional payments pursuant to the terms set forth in the applicable statutes and regulations. See Fanning

v. United States, 346 F.3d 386, 389 (3rd Cir. 2003).  See Second Amended Complaint ¶¶ 1-9, 92-93.

Plaintiffs allege "first-tier entities" and "downstream entities" may bring actions to recover reimbursements for conditional payments.  A "first-tier entity" is an organization that contracts directly with a Medicare Advantage Organization to administer Medical Advantage Plans.  A "downstream entity" is a subcontractor or similar-type entity that participates in the administration of Medicare Advantage Plans but does not contract directly with the Medicare Advantage Organization.  First-tier entities and downstream entities include Management Service Organizations (sometimes called "MSOs"), and Independent Physician Associations (sometimes called "IPAs").  The Plaintiffs allege that they are Medicare Service Organizations  Second Amended Complaint ¶¶ 90-93.

The Plaintiffs, as assignees of Medical Advantage Organization claims for reimbursement of conditional payments (either directly and through first-tier or downstream entities), seek to bring a nationwide class action against State Farm for unpaid reimbursements due for conditional payments of all Medicare Advantage Organizations, first-tier entities, and their assignees.  The Plaintiffs seek to be the class representative of this

nationwide class action.  See Second Amended Complaint ¶¶ 10-12.  The

alleged class is:

> All Medicare Advantage Organizations, First Tier Entities, or their assignees, that provide benefits under Medicare Part C, in the United States of America and its territories, who made payments for a Medicare beneficiary's medical items and services within the last six years from the filing of the complaint where Defendant:
>
> (1) is the primary payer by virtue of having a contractual obligation to pay for the items and services that are required to be covered by the policy of insurance of the same Medicare Beneficiaries that are also covered by an MA plan;
>
> (2) failed to pay for the items and services or otherwise failed to reimburse Medicare Advantage Organizations, First Tier Entities, or their assignees for the items and services that were provided for medical items and services related to the claims on behalf of the Medicare Beneficiaries;
>
> This class definition excludes (a) Defendant, their officers, directors, management, employees, subsidiaries, and affiliates; and (b) any judges or justices involved in this action and any members of their immediate families.

Second Amended Complaint ¶ 94.  The example assignment documents

attached to the Second Amended Complaint state that the Assignors will

receive 50% of the net proceeds that the Plaintiffs recover.  See e.g.,

Second Amended Complaint, Exhibit I, Recovery Agreement between

SummaCare and Plaintiffs dated May 12, 2017, § 2.2.

The Plaintiffs allege two individuals as exemplar claims for

reimbursement.  Both exemplar claims involved injuries to a State Farm

insured with Casualty Insurance Medical Coverage. The two individuals are identified as O.D. and C.S. O.D. was enrolled in a Medicare Advantage Program managed by Florida Healthcare Plus, Inc. O.D. was injured in an automobile accident covered by the State Farm's Casualty Insurance Medical Coverage. Florida Healthcare Plus, Inc., paid O.D.'s medical expenses of $11,060.58 for treatment of his injuries from the accident. Florida Healthcare Plus, Inc. assigned its claims for reimbursement of conditional payments to Plaintiff MSPA Claims 1, LLC. Plaintiffs allege that State Farm under its Casualty Policy "is required to pay Plaintiff up to the limits of its policy times two as double damages the maximum policy limits to cover all or as much of the $11,060.58 amount for all accident-related expenses." Second Amended Complaint, ¶ 20.

Similarly, C.S. was injured in an automobile accident. Plaintiffs allege C.S. was covered by State Farm Casualty Policy Medical Coverage. C.S. was also enrolled in Medicare Advantage coverage managed by SummaCare Inc. (SummaCare). SummaCare conditionally paid $13,046.03 of C.S.'s medical expenses. SummaCare assigned its claims for reimbursement of conditional payments to Plaintiffs. Plaintiffs allege that, "Defendant is required to pay Plaintiff up to the limits of its policy times two as double damages the maximum policy limits for all or as much of the

$13,046.03 amount for all accident-related expenses." Second Amended Complaint ¶ 32.

The parties are currently conducting discovery on the issue of class certification. See Minute Entry entered August 31, 2018 (d/e 91) (adopting Defendant's proposed Discovery Plan (d/e 90).[1]

On September 14, 2018, State Farm served Plaintiffs with interrogatories and requests for production of documents. On October 16, 2018, counsel for State Farm contacted Plaintiffs' counsel by email because Plaintiffs had not responded to State Farm's discovery requests. Counsel for Plaintiffs responded by email stating that he thought State Farm's discovery requests were premature and asking for an additional 21 days. State Farm's counsel responded by asking why Plaintiffs' counsel believed the discovery requests were premature. Plaintiffs' counsel did not respond. See Motion 97, at 2-3 and Exhibit C, Email string between attorneys for the Parties.

On October 29, 2018, State Farm issued four Subpoenas (Subpoenas) that are the subject of this Motion. Plaintiffs' Memorandum of Law in Support of their Motion to Quash or Modify Third Party Subpoenas

---

[1] State Farm has moved to extend fact discovery on class certification issues. State Farm's Motion for Extension of Time (d/e 100). That motion is pending.

(d/e 96) (Plaintiffs' Memorandum), Exhibit A, Notice of Intent to Serve Subpoenas and copies of the Subpoenas. State Farm issued a Subpoena to the Florida Department of Financial Services, as the receiver for Florida Healthcare Plus, Inc (Receiver). The Subpoena seeks production of 27 categories of documents related to the following topics: (1) Florida Healthcare Plus, Inc.'s relationship with: Centers for Medicare and Medicaid Services; the Plaintiffs; O.D., including all payments and related documents for claims for O.D. from 2013 through 2015, inclusive; first-tier and downstream entities; (2) Florida Healthcare Plus, Inc.'s internal procedures for evaluating and paying claims; (3) documents related to claims for reimbursements from insurers or others that may be liable to reimburse conditional payments; and (4) documents related to any audit of the systems and methodologies of the Plaintiffs, including but not limited to the audit referenced in the order approving a Settlement Agreement (Settlement Agreement) between the Receiver and La Ley Recovery Systems, Inc. in In re: The Receivership of Florida Healthcare Plus, Inc., Leon County, Florida Circuit Court Case No. 2014 CA 2762 entered June 14, 2016, and attached as an exhibit to the Second Amended Complaint. State Farm issued a Subpoena to SummaCare, Inc. This Subpoena seeks 26 categories of documents similar to the Subpoena issued to Florida

Department of Financial Services, except that certain requests related to C.S. rather than O.D., and this Subpoena did not refer to the Settlement Agreement.

State Farm issued a Subpoena to RD Legal Finance, LLC (RD). RD is one of two members of Plaintiff MAO-MSO Recovery II, LLC. This Subpoena seeks production of documents related to RD's relationship with the Plaintiffs, including documentation of ownership or other interest, communications, and documents exchanged with the Plaintiffs. The Subpoena also seeks governing documents of RD and the identity of the members of RD and the percentage ownership interest of each member. State Farm issued a Subpoena to VSP MSP Recovery Partners, LLC (VSP). VSP is the sole member of Plaintiff MSP Recovery Claims, Series LLC. This Subpoena seeks documents similar to the documents sought from RD.

On November 7, 2018, State Farm's counsel again emailed Plaintiffs' counsel to ask for Plaintiffs' discovery response. Plaintiffs had not yet responded to State Farm's discovery requests. State Farm's counsel stated that he sent this email as a good faith effort to meet and confer to resolve this dispute. Plaintiffs' counsel did not respond. See Motion 97, at 2-3, and Exhibit C, Email string between attorneys for the Parties.

On November 13, 2018, Plaintiffs filed Motion 95. Plaintiffs ask the Court to quash all four Subpoenas described above. State Farm opposes this Motion.

On November 15, 2018, State Farm filed Motion 97. Plaintiffs oppose this motion. Plaintiffs' counsel states that Plaintiffs have now provided written responses to State Farm's interrogatories and have begun a rolling document production. Plaintiffs state that they await the Court's entry of an ESI protocol order. <u>Plaintiff's Response in Opposition to Defendant's Motion to Compel Responses to Discovery Requests (d/e 102)</u>, at 5.

ANALYSIS

<u>MOTION 95 TO QUASH SUBPOENAS</u>

As an initial matter, State Farm challenges whether Plaintiffs have standing to challenge the Subpoenas. Normally, a party lacks standing to move to quash a subpoena directed at third parties unless the party had a claim of privilege attached to the information sought or unless the production implicates a party's privacy interests. <u>Jump v. Montgomery Cty</u>, 2015 WL 4530522, at *1 (C.D. Ill. July 27, 2015). The Subpoenas may raise concerns about privilege because State Farm defines the term "MSP Entities" to include Plaintiffs and their attorneys. It is possible, given that definition, the Subpoenas may seek documents over which Plaintiffs may

claim an attorney client or attorney work product privilege.  This is particularly true in the case of RD and VSP.  They are owners of a Plaintiff and so could easily have possession of privileged documents.  In light of that possibility, the Court concludes that Plaintiffs have standing to move to quash the Subpoenas.

This Court must quash or modify a subpoena if the subpoena subjects a person to an undue burden.  Fed. R. Civ. P. 45(c)(3)(A)(iv). Plaintiffs have the burden to show that the subpoenas would subject the recipients of the subpoenas to an undue burden.  Pacific Century Intern., Ltd. v. Does 1-37, 282 F.R.D. 189, 193 (N.D. Ill. 2012).  The Plaintiffs must show that the burden caused by producing the subpoenaed documents will exceed the benefit from the production of that information.  Northwestern Memorial Hosp. v. Ashcroft, 362 F.3d 923, 927 (7th Cir. 2004).

The parties are currently conducting discovery on Plaintiffs' claims that the Court should certify a nationwide class of all Medicare Advantage Organizations and all first-tier entities and downstream entities that have claims against State Farm for reimbursement for conditional payments arising from State Farm's obligations under Casualty Insurance Medical Coverage and should appoint the Plaintiffs as the class representatives. The Plaintiffs may pursue a class action on behalf of the proposed class

only if the class meets the requirements of Rule 23(a) and (b)(3). Fed. R. Civ. P. 23(a) and (b). Rule 23(a) requires that:

**(1)** the class is so numerous that joinder of all members is impracticable [referred to as the numerosity requirement];

**(2)** there are questions of law or fact common to the class [referred to as the commonality requirement];

**(3)** the claims or defenses of the representative parties are typical of the claims or defenses of the class [referred to as the typicality requirement]; and

**(4)** the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). Rule 23(b)(3) requires that :

**(3)** the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:

**(A)** the class members' interests in individually controlling the prosecution or defense of separate actions;

**(B)** the extent and nature of any litigation concerning the controversy already begun by or against class members;

**(C)** the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

**(D)** the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3).

State Farm, therefore, can discover information relevant to all these requirements to certify a class.  Fed. R. Civ. P. 26(b)(1) (Rule 23 Class Issues).  State Farm can use Subpoenas to secure documents relevant to these issues.  See Fed. R. Civ. P. 26(b)(1), 34(c), 45(a)(1)(D), (d)(2), and (d)(3).

The four Subpoenas seek documents relevant to the Rule 23 Class Issues.  The Subpoenas directed to Florida Healthcare Plus, Inc., and SummaCare, Inc., seek information relevant to the commonality of the claims under Rule 23(a)(2), and the typicality of the claims under Rule 23(a)(3).  The documents sought also relate to all of the requirements of Rule 23(b)(3) (B), (C), and (D).  The documents sought from RD and VSP are relevant to the question of the adequacy of the Plaintiffs as class representatives under Rule 23(a)(4), and to the question of the class members' interest in controlling the litigation under Rule 23(b)(3)(A).  The documents sought by the Subpoenas are relevant.

The Subpoenas impose a burden on the recipients.  The Plaintiffs ask the Court to treat the Subpoena respondents as part of the Plaintiffs.  See Plaintiffs' Memorandum ¶ 4 ("[E]ach of the four respondents are essentially one of the party Plaintiffs in this matter, either by way of a closely held corporate relationship or an assignment of rights.").  The Court agrees that

the Subpoena respondents each have an interest in the outcome of this action.  The Receiver and SummaCare, Inc. are entitled to receive a percentage of the net proceeds that the Plaintiffs recover from State Farm.  RD and VSP are members, or equity owners of one of the Plaintiffs.  They also clearly have an interest in securing a return on their investments in the respective Plaintiff.  Normally, the Court gives special weight to the burden imposed on non-parties by Subpoenas.  See e.g., Uppal v. Rosalind Franklin University of Medicine and Science, 124 F.Supp.3d 811, 813 (N.D. Ill. 2015).  In this case, however, the Subpoena respondents have clear interests in the outcome of this case. The Court agrees with Plaintiffs that the Subpoena respondents are aligned with the Plaintiffs and will not give significantly more consideration to the burden imposed on them by the Subpoenas.

    The Plaintiffs have the burden to show that the Subpoenas impose an undue burden on the Subpoena respondents.  Pacific Century Intern., Ltd., 282 F.R.D. at 193.  The Plaintiffs fail to meet this burden.  The Plaintiffs argue first that the Subpoenas seek privileged information. The Court disagrees.  The instructions with the Subpoenas direct the recipients to withhold responsive privileged documents and provide a privilege log in accordance with Rule 26(b)(5)(A).

The Plaintiffs argue that the Subpoenas require the recipients to produce electronically stored information (ESI).  A party may subpoena ESI documents.  Fed. R. Civ. P. 45(e)(1).  The respondent of a subpoena must comply or file a motion and show that the ESI documents sought are not reasonably accessible because of undue burden or cost.  Fed. R. Civ. P. 45(e)(1)(D).  The Plaintiffs have presented no proof that any responsive ESI document is not reasonably accessible because of undue burden or cost.  The Plaintiffs have not met their burden on this point.

The Plaintiffs argue that the requests for documents related to O.D. and C.S. (collectively the "Individuals") are overly broad.  The Court disagrees.  State Farm seeks documents related to the nature of the Individuals' Medicare Advantage coverage and to their covered medical expenses from 2013-2015 for O.D., and from 2014 -2016 for C.S.  These documents are relevant to class certification.  Plaintiffs must show, among other things, that the common questions of law or fact predominate over any questions affecting individual members of the class.  Fed. R. Civ. P. 23(b)(3). State Farm is entitled to discover the nature of the Medicare Advantage coverage for the Individuals to test whether common factual or legal issues predominate.  State Farm is entitled to discover information about each Individual's medical condition generally to test whether the

common facts predominate or whether the particularized facts about each injured person's medical condition of at the time of each accident predominates.  The request also does not impose an undue burden on the Individuals because the parties have a HIPAA-qualified protective order in place (d/e 56) to protect the documents from improper disclosure.

Plaintiffs argue that documents related to notice to State Farm is irrelevant.  Plaintiffs argue that no notice is required.  This legal question has not been resolved by the District Court.  State Farm is entitled to discover matters related to their theory of the case.  At this juncture, the discovery of documents related to notice is relevant to the question of whether the various claims meet the commonality and typicality requirements for class certification and whether common issue of law or fact predominate under Rule 23(a)(2)and(3), and 23(b)(3).  The requests are not overly broad.

Plaintiffs argue that the requests for all communications between SummaCare and Florida Healthcare Plus and Plaintiffs is overly broad. The Court again disagrees.  The Plaintiffs allege that they are appropriate class representatives for all Medicare Advantage Organizations and all first-tier and downstream entities in the United States.  The relationship of Plaintiffs to these entities is directly relevant to whether they are

appropriate class representatives.  Based on the material filed in this case, the Plaintiffs do not appear to administer Medicare Advantage Plans in a traditional sense.  The Plaintiffs do not appear to process medical claims, pay claims, or perform other administrative duties.  The Plaintiffs appear to exist solely to collect reimbursements from Casualty Insurers such as State Farm.  As such, the adequacy of the Plaintiffs as a class representative may be a significant issue at the class certification hearing.  The Plaintiffs will need to demonstrate that they can fairly and adequately represent the interests of the other class members.  The Plaintiffs' relationship with the members of the class identified in the Second Amended Complaint seems directly relevant to this issue.  The documents requests are not overly broad.

Plaintiffs complain that the information sought by the Subpoenas is duplicative of the information State Farms seeks to secure directly from Plaintiffs in State Farm's interrogatories and requests to produce.  State Farm responds that Plaintiffs have not produced anything yet.  The fact discovery on class certification issues was scheduled to close on November 30, 2018, although State Farm has asked for an extension.  See State Farm's Motion for Extension of Time (d/e 100).  State Farm is entitled to pursue discovery in any manner allowed by the Rules.  Given the short

timeframe and the lack of documents production by Plaintiffs, the Subpoenas are a reasonable option to secure relevant information before the end of fact discovery on this phase.  If Plaintiffs can demonstrate to the Court that they have produced responsive documents that are also documents sought by the Subpoenas, the Court will consider relieving the Subpoena respondents from producing a second copy of the specific documents.  Otherwise, the Court will not bar State Farm from using available discovery methods to secure relevant non-privileged information.

Lastly, Plaintiffs ask for additional time to respond to the Subpoenas. The Court agrees that fifteen days is not enough time to produce the documents.  The Court will give the Subpoena respondents until December 31, 2018 to produce the responsive documents.

MOTION 97 TO COMPEL DISCOVERY

As an initial matter, Plaintiffs complain that State Farm failed to certify that it met and conferred with Plaintiffs to attempt to resolve this discovery dispute without court action.  See Fed. R. Civ. P. 37(a)(1).  The Court finds that in this particular case State Farm adequately demonstrated and certified that it attempted to resolve the matter without court action.  The emails exchanged by the parties, as set forth in the Defendant's Motion (d/e 97, p. 21), are sufficient to comply with Rule 37.  The cases cited in

Plaintiffs' Response (d/e 102, p. 2-3) are factually distinguishable. The Court will not deny Motion 97 on these grounds.

Plaintiffs state that they have responded in writing to State Farm's interrogatories. Plaintiffs also state that they are producing documents on a rolling basis. Plaintiffs additionally state that they await the entry of an order approving a protocol for ESI production. Rule 34 does not authorize rolling document production. All documents are to be produced within 30 days. Fed. R. Civ. P. 34(a)(2)(A). Rule 34 also does not require an order approving a protocol for ESI production. Rather, Rule 26 imposes on the Plaintiffs the burden of showing that producing requested ESI is not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B). If Plaintiffs could not comply with the 30-day production requirement of Rule 34, or if they wanted to establish a protocol for ESI production, they should have contacted State Farm to work out these issues or filed a motion for a protective order. They did not. The Court, therefore, orders Plaintiffs to produce the responsive documents by January 15, 2019. Plaintiffs are also ordered to produce by January 15, 2019, a privilege log that meets the requirements of Federal Rule of Civil Procedure 26(b)(5)(A) identifying any documents withheld on claims of privilege.

ATTORNEY FEES

This Court has allowed Motion 97. Rule 37 states that this Court, "<u>must</u>, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). This Rule requiring the award of fees and expenses is mandatory, unless the statutory exceptions apply. The exceptions are:

> **(i)** the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> **(ii)** the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> **(iii)** other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). None of these exceptions apply here. State Farm attempted to resolve the discovery dispute. The Plaintiffs were not substantially justified in failing to comply with the discovery requests, and no other circumstances exist that would make an award unjust.

The Court, therefore, directs State Farm to file by January 15, 2019, a statement of fees and expenses incurred in connection with filing Motion 97 along with any supporting evidence. The Plaintiffs are directed to file by February 7, 2019, any objections to State Farm's statement of expenses

and attorney fees along with any supporting evidence. The Court will then rule on an award of expenses and fees.

THEREFORE, IT IS ORDERED that Plaintiffs' Motion to Quash or Modify Third Party Subpoenas (d/e 95) is ALLOWED in part. The Court modifies the Subpoenas to give the Subpoena respondents until January 15, 2019, to produce the requested documents. Defendant State Farm's Motion to Compel Responses to Discovery Requests (d/e 97) is ALLOWED. Plaintiffs are ordered to produce the responsive non-privileged documents by January 15, 2019. Plaintiffs and Subpoena respondents are also required to produce by January 15, 2019, a privilege log that meets the requirements of Federal Rule of Civil Procedure 26(b)(5)(A) identifying any documents withheld on claims of privilege.

ENTER: December 19, 2018

*s/ Tom Schanzle-Haskins*
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE