# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| MAO-MSO RECOVERY II, LLC, a Delaware entity; MSP RECOVERY, LLC, a Florida entity; MSPA CLAIMS 1, LLC, a Florida entity; and MSP RECOVERY CLAIMS, SERIES LLC, a Delaware entity, Plaintiffs, v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois Company, Defendant. | No. 17-cv-1537 |

## **OPINION**

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiffs' Motion styled as Memorandum in Support of Motion to Quash and for a Protective Order (d/e 103) (Motion). For the reasons set forth below, the Motion is DENIED.

## BACKGROUND

Plaintiffs seek to represent a nationwide class of Medicare Advantage Organizations and related entities (collectively Medicare Advantage Organization Creditors) to recover from Defendant State Farm Automobile

Insurance Company (State Farm) payments made by Medicare Advantage Organization Creditors for covered medical expenses arising from automobile accidents in which the medical expenses were also covered by State Farm automobile insurance policies.  Second Amended Complaint (d/e 63); see Opinion and Order entered July 13, 2018 (d/e 86) for a more detailed discussion of the Plaintiffs' claims.

The parties are engaged in fact discovery on the class certification issue.  See Minute Entry entered August 31, 2018 (d/e 91) (adopting State Farm's proposed discovery schedule); Discovery Plan (d/e 90), at 3 (State Farm proposed discovery schedule.  State Farm has issued subpoenas (Subpoenas) to two individuals, O.D. and C.S., alleged in the Second Amended Complaint to be exemplars of covered individuals for whom Medicare Advantage Organization Creditors paid bills that are the responsibility of State Farm under automobile insurance policies.  Second Amended Complaint, ¶¶ 12-36.  State Farm issued the Subpoenas to O.D. and C.S. as well as various health providers of O.D. and C.S.  The Subpoenas seek depositions of O.D. and C.S. and medical records for two years for both O.D. and C.S.  The Plaintiffs move to quash and ask for a protective order to prevent the discovery.

## Motion to Quash

State Farm argues that Plaintiffs lack standing to move to quash the Subpoenas. The Court agrees. Plaintiffs lack standing to move to quash the subpoenas directed at third parties unless the subpoenas seek information that implicates disclosure of information subject to the Plaintiffs' claims of privilege or privacy interests. Piercy v. Wilhelmi, 2016 WL 3034149, at *2 (C.D. Ill. May 27, 2016); Jump v. Montgomery Cty., 2015 WL 4530522, at *1 (C.D. Ill. July 27, 2015). The Subpoenas here seek information related to the medical care of unrelated third parties O.D. and C.S. The Subpoenas do not request information subject to a claim of privilege by the Plaintiffs or a privacy interest of the Plaintiffs.[1] The Plaintiffs lack standing to bring this motion. The Motion to Quash is denied.

## Motion for Protective Order

Plaintiffs are also not entitled to a protective order. In order to seek a protective order, the Plaintiffs must certify that they have "in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c)(1). Plaintiffs

---

[1] Plaintiff's previous motion to quash (d/e 95) involved subpoenas directed at entities that had interests in the Plaintiffs' claims in this proceeding. The Court found a sufficient connection to give Plaintiff standing. In this case, O.D. and C.S. have no interest in any Plaintiff and no interest in Plaintiffs' claims. O.D. and C.S. had medical bills that have already been paid. Whether State Farm reimburses a Medicare Advantage Organization Creditor for payment of those bills does not affect O.D. or C.S.

fail to make this required certification. Indeed, Plaintiffs fail to indicate that they made any effort to resolve this matter with State Farm before filing this Motion. See Motion; Memorandum in Support of Motion to Quash and for Protective Order (d/e 104). The request for a protective order is denied.

THEREFORE, IT IS ORDERED that Plaintiffs' Motion styled as Memorandum in Support of Motion to Quash and for a Protective Order (d/e 103) is DENIED.

ENTER: December 19, 2018

*s/ Tom Schanzle-Haskins*
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE