E-FILED
Monday, 22 April, 2019 11:28:15 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| MAO-MSO RECOVERY II, LLC, et al. | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) No. 17-cv-1537 ) |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., | ) ) ) ) ) |
| Defendant. | ) |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendant State Farm Mutual Automobile Insurance Co.'s (State Farm) Motion to Enforce Protective Order (d/e 123) (Motion). The Court entered an agreed Protective Order (d/e 56). The Protective Order limited access to material produced in discovery designated as "Confidential." For the reasons set forth below, the Motion is ALLOWED in part and DENIED in part. The Court modifies the Protective Order to allow attorneys retained to represent a party in the prosecution or defense of this litigation to see material marked "Confidential" even if the attorney has not entered an appearance in this

case. The Court prohibits disclosure to other attorneys not otherwise allowed to see material marked "Confidential".

On November 6, 2017 an agreed Protective Order (d/e 56) was entered in this case. Under the terms of the Protective Order, parties could designate materials produced in discovery as "Confidential" (Confidential Material). Only certain persons could see Confidential Material:

> 5. Confidential Matters, including information derived therefrom, shall not be reviewed, inspected, or disclosed in any manner to any person or entity except:
>
> a. Counsel of record in the Litigation; attorneys employed in the same firm with counsel of record; clerical, paralegal and secretarial staff employed by such counsel;
>
> b. Service vendors of Counsel of record in the Litigation (including outside copying and litigation support services) who need to review such information in connection with this Litigation, provided that each has completed the certification contained in Attachment A ("Acknowledgment of Understanding and Agreement to Be Bound by Protective Order");
>
> c. Any court, including appellate courts, having subject matter jurisdiction of this Litigation, including court personnel;
>
> d. The Parties and the officers, directors, or employees of any Party to this Litigation; or any parent, managing member, subsidiary, or affiliate thereof; or in-house counsel who need to review such information in connection with this Litigation;
>
> e. Counsel to and employees of insurers that may be obligated to satisfy all or part of a judgment against, or to

pay or advance all or part of the defense costs of, any defendant in this Litigation, who need to review such information in connection with this Litigation, provided that each has completed the certification contained in Attachment A ("Acknowledgment of Understanding and Agreement to Be Bound by Protective Order");

f. Consultants or experts assisting a Party in the evaluation, prosecution, or defense of this Litigation; and partners, associates, paralegals, secretaries, clerical, and service vendors of such consultants and experts, provided that each has completed the certification contained in Attachment A ("Acknowledgment of Understanding and Agreement to Be Bound by Protective Order");

g. Court reporters, stenographers, or videographers employed in connection with this Litigation, provided that each has completed the certification contained in Attachment A ("Acknowledgment of Understanding and Agreement to Be Bound by Protective Order");

h. Any witness appearing or preparing to appear at trial, at an evidentiary hearing, or in deposition, provided that each has completed the certification contained in Attachment A ("Acknowledgment of Understanding and Agreement to Be Bound by Protective Order"), with the understanding that witnesses testifying in open court shall not be restricted in their testimony based upon the terms of this Order;

i. Any person indicated on the face of a document or accompanying covering letter, email, or other communication to be the author, addressee, or an actual or intended recipient of the document;

j. Any person in the courtroom during an evidentiary hearing or the trial of the matter; and

k. Any other person only upon (i) order of the Court entered upon notice to the Parties, or (ii) written stipulation of, or

> statement on the record by, the Producing Party who provided the Case Material disclosed, provided that each has completed the certification contained in Attachment A ("Acknowledgment of Understanding and Agreement to Be Bound by Protective Order").

Protective Order ¶ 5.

As quoted above, the Protective Order ¶ 5(a) allows counsel of record to see Confidential Material. Plaintiffs allowed attorneys from the law firm of La Ley con John H. Ruiz P.A. d/b/a MSP Recovery Law Firm (Ruiz Law Firm) to see Confidential Material. Attorney John Ruiz owns the Ruiz Law Firm. The Plaintiffs have retained the Ruiz Law Firm as "Exclusive Lead Counsel" in this litigation. See State Farm's Memorandum in Support of Motion to Enforce the Protective Order (d/e 124) (State Farm Memorandum), at 2-3. The Ruiz Law Firm has retained four firms to appear as counsel of record in this case but has not entered an appearance itself and so is not counsel of record. State Farm is correct that allowing members of the Ruiz Law Firm other than John Ruiz see Confidential Material violates the Confidentiality Order.

The Ruiz Law Firm's owner, John Ruiz, however, may see Confidential Material under ¶ 5(d) because he is either the managing member or an affiliate of Plaintiff MSP Recovery, LLC. A family limited partnership owns MSP Recovery, LLC. The general partners of the family

limited partnership are the living trusts of John Ruiz and his wife.  John Ruiz and his wife are the trustees of these two trusts.  As a result, John Ruiz and his wife control the partnership that owns Plaintiff MSP Recovery, LLC.  See State Farm Memorandum, at 4-5.[1]  John Ruiz, thus, controls the managing member of a party, MSP Recovery LLC, and so, is effectively the managing member or an affiliate of MSP Recovery LLC who may view Confidential Material.  Moreover, Ruiz or a member of his immediate family has an ownership interest in several of the other named Plaintiffs.  Id.  He, therefore, may see Confidential Material to the extent that he is an affiliate of any of the other Plaintiffs.

Plaintiffs argue that other members of the Ruiz Law Firm should be considered consultants who are allowed to see Confidential Material under ¶ 5(f) of the Confidentiality Agreement.  The Court disagrees.  The Plaintiffs have retained the Ruiz Law Firm as Exclusive Lead Counsel in this litigation.  The Ruiz Law Firm clearly represents the Plaintiffs as their attorneys.  The attorneys of the Ruiz Law Firm are not consultants.

In the alternative, Plaintiffs ask the Court to modify the Protective Order to allow members of the Ruiz Law Firm the see Confidential Material.

---

[1] The Plaintiffs do not dispute the accuracy of State Farm's description of John Ruiz and his immediate family's ownership interests in the Plaintiffs.  See Plaintiff's Response to State Farm's Motion to Enforce Protective Order (d/e 126), at 9-11.

The Court, in its discretion, agrees that this is the correct solution. John Ruiz can already see Confidential Material. The Plaintiffs have also retained the Ruiz Law Firm as the Exclusive Lead Counsel. The Ruiz Law Firm has elected not to enter an appearance, but to retain other law firms to appear and litigate the case. The Plaintiffs should be allowed to retain their counsel of choice and their counsel should be allowed to decide how to proceed with the litigation. Because the Ruiz Law Firm is retained to represent the Plaintiffs in this matter, and because the owner of the Ruiz Law Firm, John Ruiz, can view Confidential Material anyway, the Court finds that members of the Ruiz Law Firm should be allowed to see Confidential Material even if the Ruiz Law Firm does not enter an appearance in the case. The Court will modify the Protective Order to allow any attorney retained to represent a party in the prosecution or defense of this litigation may see Confidential Material even if those attorneys do not enter an appearance and so are not counsel of record.[2]

THEREFORE, IT IS ORDERED that Defendant State Farm's Motion to Enforce Protective Order (d/e 123) is ALLOWED in part and DENIED in

---

[2] State Farm also argues that the relationship between John Ruiz, the Ruiz Law Firm, and the Plaintiffs affects issues related to class certification. State Farm Memorandum, at 9-10. The Motion concerns compliance with the Protective Order, not class certification. The Court does not address class certification at this time.

part. The Court modifies paragraph 5(a) of the Protective Order (d/e 56) to provide:

> (a) Counsel of record in the Litigation or counsel otherwise retained by a party to represent the party in the prosecution or defense of this litigation; attorneys employed in the same firm of such counsel; clerical, paralegal and secretarial staff employed by such counsel;

The Protective Order otherwise remains in full force and effect.

ENTER: April 22, 2019

s/ *Tom Schanzle-Haskins*
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE