# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| MAO-MSO RECOVERY II, LLC, MSP RECOVERY LLC, MSP RECOVERY CLAIMS, SERIES LLC, & MSPA CLAIMS 1, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, <br><br> Defendant. | Case No. 1:17-cv-1537 |

## ORDER & OPINION

This matter is before the Court on Plaintiffs' Motion to Stay or Deny Defendant's Motion for Summary Judgment (Doc. 184). Defendant has responded (Doc. 194). Plaintiffs have requested to file a reply (Doc. 202)—Defendant opposes the request (Doc. 203)—but for the reasons stated herein, the Court denies leave to file. Therefore, this matter is ripe for review.

### BACKGROUND

The Medicare Secondary Payer (MSP) provisions of the Medicare Act, 42 U.S.C. § 1395y *et seq.*, "make[ ] Medicare insurance secondary to any 'primary plan' obligated to pay a Medicare recipient's medical expenses, including a third-party tortfeasor's automobile insurance." *Parra v. PacifiCare of Ariz., Inc.*, 715 F.3d 1146, 1152 (9th Cir. 2013) (citing § 1395y(b)(2)(A)). Medicare generally does not pay medical expenses when a primary plan will cover the costs, but where such payment is

unlikely, conditional payments may be made, with the primary insurer to reimburse Medicare. § 1395y(b)(2).

Part C of the Medicare Act allows Medicare enrollees to obtain Medicare benefits through private insurers, Medicare Advantage Organizations (MAOs), rather than the government. 42 U.S.C. § 1395w-21(a). "An MAO may sue a primary plan . . . that fails to reimburse it for conditional payments made" under the private right of action provided in § 1395y(b)(3)(A). (Doc. 86 at 2).

Plaintiffs are corporate entities which have been assigned rights of recovery under the MSP by numerous MAOs, among others. (Doc. 184 at 4). The basic theory of their case is members of the assignor-MAOs who were also insured under no-fault automobile insurance policies issued by Defendant were involved in car accidents requiring medical services; Plaintiffs allege Defendant failed to pay for the medical services or reimburse the assignor-MAOs for conditional payments issued. (Doc. 86 at 3).

This action was commenced on February 23, 2017, in the Southern District of Illinois. (Doc. 1). Following a motion to dismiss for lack of subject matter jurisdiction on Article III standing grounds and for failure to plead sufficient facts under Rule 8 (Doc. 26), Plaintiffs filed a First Amended Complaint (Doc. 32). Defendant moved to transfer the case under 28 U.S.C. § 1404(a) (Doc. 28) and the case was transferred to this District (Doc. 57). In the interim, Defendant filed a second motion to dismiss (Doc. 34) asserting the amendments did not cure the issues identified in the original motion to dismiss. This Court denied as moot Defendant's original motion to dismiss

(Doc. 26) but granted Defendant's second motion to dismiss (Doc. 34), holding Plaintiffs had failed to sufficiently allege an injury in fact, as necessary for Article III standing. (Doc. 59 at 8-9).

Plaintiffs timely filed a Second Amended Complaint (Doc. 63) on January 30, 2018. In the Second Amended Complaint, Plaintiffs provided additional details about an accident resulting in medical fees for two Medicare beneficiaries, which they allege Defendant failed to pay or reimburse. (Doc. 63 at 3-9). The two beneficiaries were identified as O.D. and C.S. (Doc. 63 at 3). Defendant again moved to dismiss on standing grounds, *inter alia*. (Doc. 68). The Court held the O.D. allegations were sufficient to survive a motion under Rule 12(b)(1) to dismiss for lack of standing, but the C.S. allegations were not; the assignment of the claim related to C.S. occurred after the lawsuit was filed. (Doc. 86 at 6, 12-13).

The parties differed on the discovery schedule. Defendant requested discovery be bifurcated between discovery on the merits and discovery on class certification as well as a deadline for amendment of the pleadings and joinder of additional parties, which Plaintiff opposed; Defendant also noted in its potential plan to file a motion for summary judgment on the named Plaintiffs' individual claims. (Doc. 90). Magistrate Judge Jonathan E. Hawley accepted Defendant's plan. (Doc. 91). Plaintiffs did not file an objection.

The undersigned referred the case to Magistrate Judge Tom Schanzle-Haskins for a report and recommendation concerning class certification. (Docket Entry dated

01/04/2019).¹ Shortly before the briefing on class certification was completed, Defendant filed a motion for summary judgment, arguing the O.D. allegations did not provide Plaintiffs with standing. (Doc. 172). A previously set hearing, the report and recommendation, and a decision on class certification were put on hold pending resolution of the motion for summary judgment. (Docket Entry dated 08/07/2019). Plaintiffs then filed the instant motion, requesting Defendant's summary judgment motion be stayed or denied under Rule 56(d)(1). (Doc. 184). Further briefing on the summary judgment motion was postponed pending resolution of the Rule 56(d)(1) motion. (Docket Entry dated 08/16/2019).

A related case was also before the Court between these parties. *MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.*, No. 17-cv-1541, 2018 WL 2392827, at *1 (C.D. Ill. May 25, 2018) (describing this action as "a separate but related case pending before this Court—another putative class action with slightly different facts, but consisting of virtually identical allegations under the law."). To reduce a fairly complex story, "the question of standing [was] hotly disputed" in that case. *MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.*, ___ F.3d ___, Nos. 18-2377 and 18-2463, 2019 WL 3822156, at *3 (7th Cir. Aug. 15, 2019).²

The procedural backgrounds are parallel to a large extent; "State Farm . . . moved to dismiss the initial complaint for lack of Article III standing (among other grounds), [and] the plaintiffs responded by filing an amended complaint to put more

---

¹ Judge Hawley recused himself under 28 U.S.C. § 455(a), so the matter was reassigned to Judge Schanzle-Haskins.
² The Court will hereinafter refer to the Seventh Circuit's decision as *MAO-MSO I*.

4

meat on the bone." *Id.* But, as in this case, dismissal of the First Amended Complaint was warranted because "plaintiffs could not demonstrate an 'injury in fact' for purposes of Article III standing." *Id.* (describing this Court's reasoning). A Second Amended Complaint was dismissed on standing grounds as well. *Id.* at *3–*4. The Seventh Circuit agreed with this Court's disposition of the standing issue in that case, modifying that holding only to correct this Court's "use of the phrase 'with prejudice' to signal that it would permit no more amendments." *Id.* at *4-5.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 56(d), when a nonmovant facing a motion for summary judgment demonstrates it cannot yet present facts "essential to justify its opposition," the court may defer or deny the motion for summary judgment. "A party seeking relief under Rule 56(d) must show by affidavit or declaration specific reasons discovery should be extended, which requires more than a fond hope that more fishing might net some good evidence." *Smith v. OSF HealthCare Sys.*, 933 F.3d 859, 864 (7th Cir. 2019). Although "[a]ppellate courts often remand a denial of additional time for discovery when the motion for summary judgment is filed before the close of discovery," "[t]he mere fact that discovery is incomplete is not enough to prevent summary judgment." *Id.* at 864–65 (citing *Farmer v. Brennan*, 81 F.3d 1444, 1450–51 (7th Cir. 1996) for both propositions).

## DISCUSSION

### I. Plaintiffs' Request for Leave to File a Reply

"[T]he Court does not typically permit the moving party to file a reply in order to introduce new arguments or evidence that could have been included in the motion

5

itself, or to rehash the arguments made in the motion." *Shefts v. Petrakis*, No. 10-cv-1104, 2011 WL 5930469, at *8 (C.D. Ill. Nov. 29, 2011). Rather, replies are allowed "if the party opposing a motion has introduced new and unexpected issues in . . . response to the motion." *Id.* Plaintiffs have not met this standard. Defendant's response—especially in the shadow of Defendant's motion for summary judgment—did not raise any new or unexpected issues. Moreover, much of Plaintiffs' tendered reply either rehashes the arguments from their initial motion or attacks Defendant's request for summary judgment itself; neither is a proper function for a reply in this context. Therefore, leave to file is denied.

## II. Plaintiffs' Rule 56(d) Motion

What Plaintiffs seek before consideration of Defendant's motion for summary judgment is both simple and vast: for Defendant to produce demographic evidence of everyone in its claims database who is Medicare eligible and to then provide that information to a third-party data vendor (selected by the parties) who will create a report of names that exist in that list and in Plaintiffs' list of MAO members. (Doc. 184 at 16-17). Then, both parties would produce additional data on the matched beneficiaries to determine whether any made a claim to Defendant, whether the MAO-assignors made payments on behalf of any matched beneficiary, and whether Defendant made any reimbursements. (Doc. 184 at 16-17). Only "[a]fter this final step," Plaintiffs assert, Defendant "and the Court will know with certain[t]y the extent of Plaintiffs' individual claims against" Defendant. (Doc. 184 at 17).[3]

---

[3] Plaintiffs argue "in all but identical circumstances" three of this Court's colleagues have ordered the data matching it requests. (Doc. 184 at 3 (citing *MAO-MSO Recovery*

Defendant opposes Plaintiffs' request. It argues Plaintiffs, who Defendant says have what they need with regard to the exemplar beneficiary, are seeking in effect to amend their pleadings to use new examplars to establish standing. (Doc. 194 at 16). Moreover, Defendant argues Plaintiffs failed to engage in due diligence to uncover such other exemplars. (Doc. 194 at 21). The Court agrees Plaintiffs' request to probe all possible claims cannot support its Rule 56(d) motion.

Just as they were in *MAO-MSO I*, Plaintiffs "were on notice from the outset that the issue of standing would be front and center. If they were going to hang their hat on a single 'exemplar' after two unsuccessful attempts, it was important to get it right on the third try." *MAO-MSO I*, 2019 WL 3822156, at *5; *see also Reed v. Columbia St. Mary's Hosp.*, 915 F.3d 473, 479 (7th Cir. 2019) ("Pleadings shape the litigation . . . . Many efficiencies are lost when claims or defenses are left out of pleadings and a party then attempts to assert them at later stages."). While Plaintiffs got it right on the third try here, Defendant argues those allegations have since proved to be incorrect. Plaintiffs now attempt to use Rule 56(d) to defend against Defendant's charge they cannot show standing by asking for discovery on other potential exemplars.

---

*II, LLC v. Mercury General*, Case Nos. 17-cv-2525, 17-cv-2557 (C.D. Cal.); *MAO-MSO Recovery II, LLC v. The Farmers Ins. Exch.*, No. 17-cv-2522 (C.D. Cal.); *and MAO-MSO Recovery II, LLC v. GEICO*, No. 17-cv-0711 (D. Md.)). But in each case, the opposing party either assented to the requested matching discovery or was not in the process of moving for summary judgment; the circumstances were therefore quite different.

Plaintiffs' request is incongruous with the purpose of Rule 56(d). Rule 56(d) is "intended as a safeguard against a premature grant of summary judgment." *King v. Cooke*, 26 F.3d 720, 726 (7th Cir. 1994). But Plaintiffs have had the chance to request discovery related to their theory of standing based on exemplar O.D., and there is nothing premature about reviewing summary judgment when there has been ample opportunity for discovery on the relevant allegations in the pleadings. "[R]equesting leave to cast a wider net with the apparent hope that" some relevant evidence will materialize is simply not enough. *In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*, 801 F.3d 758, 766 (7th Cir. 2015). Where, as here, a Rule 56(d) motion is "based on nothing more than mere speculation and would amount to a fishing expedition," the Court may deny it. *Id.* (quoting *Davis v. G.N. Mortg. Corp.*, 396 F.3d 869, 885 (7th Cir. 2005)).

Due to Plaintiffs' repeated attempts to adequately allege standing, the Court is concerned that Plaintiffs' belief that further discovery would unearth a new, viable exemplar is based on mere speculation. As the Seventh Circuit explained, this Court is "entitled to give little weight to [Plaintiffs'] request for another round of pleading" where they fail to name other potential exemplars or present a sound reason "to believe that the fourth time [will] be the charm." *MAO-MSO I*, 2019 WL 3822156, at *5. Although the Second Amended Complaint survived a motion to dismiss, a new round of pleading is precisely what would result from the requested discovery. "[W]hen a new argument is made in summary judgment briefing, the correct first step is to consider whether it changes the complaint's factual theory, or just the legal

theories plaintiff has pursued so far." *Chessie Logistics Co. v. Krinos Holdings, Inc.*, 867 F.3d 852, 860 (7th Cir. 2017). If the former, use of the new facts is an "attempt[ ] in effect to amend [the] complaint." *Id.* Plaintiffs clearly hope discovery on every claim in their possession would reveal at least one in which they suffered an injury in fact, allowing them to counter Defendant's motion for summary judgment with a new exemplar by effectively amending their complaint. (*See* Doc. 184 at 14 ("[E]xchanging data and matching beneficiaries will allow Plaintiffs to prove as to *every* assigned claim" Defendant violated the MSP) (emphasis added)).

Nothing in Plaintiffs' Rule 56(d) motion convinces the Court that further discovery would successfully uncover a new exemplar which could be used to defend against summary judgment, even if the Court were inclined to allow *de facto* amendment to the complaint. Plaintiffs' only argument that standing must exist for one of their claims is the sheer number of claims they have amassed and Defendant's share of the auto-insurance market. (Doc. 184 at 15, 20). This argument is unavailing. As Plaintiffs explain, the pool of beneficiaries they seek reimbursement for "grows each day, as additional MA plans assign their claims." (Doc. 184 at 4 n.4). But what matters is whether any claim Plaintiffs had at the time the lawsuit was filed (Doc. 86 at 6); the simple number of claims Plaintiffs has amassed does not give the Court any indication that Plaintiffs had a cognizable injury in fact on February 23, 2017. Indeed, it may well be none of the claims Plaintiffs possessed when this suit was filed actually provide them with standing. (*See* Doc. 184 at 20 (stating Plaintiffs "do not know whether [Defendant] accepted coverage and made a payment to the insured or

9

medical provider(s)" but if it "did accept coverage and paid anyone, but did not reimburse Plaintiffs' assignor, [Plaintiffs] have a reimbursement claim.")). Like the "proverbial 'smoking gun' " in *Davis*, the existence of a situation in which an MAO beneficiary insured by Defendant suffered an accident during which Defendant improperly reimbursed and the MAO then assigned its MSP claim to Plaintiffs, "is based on nothing more than mere speculation." 396 F.3d at 885.

There may be plenty more exemplars in the sea, as it were, but claims related to them will need to be pursued through a different suit if Plaintiffs cannot defend on the exemplar claims alleged in the Second Amended Complaint. *See MAO-MSO I*, 2019 WL 3822156, at *5. Plaintiffs' request to deny or delay Defendant's motion for summary judgment, untethered as it is from the allegations in their Second Amended Complaint, ultimately boils down to a request to cast a wider net, premised on the hope that a fishing expedition might reel in at least one exemplar allowing Plaintiffs to assert standing.

The Court recognizes this result may require a recalibration of strategy for Plaintiffs. In light of that, the Court will allow Plaintiffs fourteen (14) days from the date of this Order to file their response to Defendant's Motion for Summary Judgment (Doc. 172).

## Conclusion

Plaintiffs' Motion for Leave to File a Reply in Support of the Motion under Rule 56(d) and Plaintiffs' Motion to Stay or Deny Defendant's Motion for Summary Judgment (Doc. 184) are DENIED. Within fourteen (14) days from the date of this

10

Order, Plaintiffs SHALL file their response to Defendant's Motion for Summary Judgment (Doc. 172).

SO ORDERED.

Entered this 17th day of September 2019.

                                                         s/ Joe B. McDade
                                                   JOE BILLY McDADE
                                     United States Senior District Judge